IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTERPOINT ENERGY-MISSISSIPPI RIVER TRANSMISSION CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEIN STEEL MILL SERVICES, INC., )<br>)<br>Defendant. ) | CIVIL NO. 04-639-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter came before the Court on August 15, 2005, for a hearing on Plaintiff's motion for summary judgment. For the reasons set forth on the record and below, the motion is granted.

BACKGROUND

On or about August 13, 2003, an employee of Stein Steel Mill Services, Inc. ("Stein Steel") was operating a heavy piece of excavation equipment (known as a front-end loader) near a gas line owned by Centerpoint Energy-Mississippi River Transmission Corporation ("Centerpoint") on Stein Steel's premises in Granite City, Illinois. No other entity was conducting excavation on Stein Steel's premises on that date.

A representative of Centerpoint had marked the location of the line before the excavation began, pursuant to the Illinois Underground Utilities Facilities Damage Prevention Act, 220 ILCS 50/1-50/14 (2005). There is no dispute that the line was properly and accurately marked.

The gas line ruptured and had to be repaired. Centerpoint filed this suit on September 9, 2004, to recover its costs associated with repairing the line and for the gas lost as a result of the rupture. The

Court has jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. Centerpoint Energy is a Delaware corporation with its principal place of business in Texas; Stein Steel is an Ohio Corporation with its principal place of business in Ohio. (*See* Docs. 1, 6, and 38.) The amount in controversy, exclusive of interest and costs, exceeds $75,000, as Plaintiff's complaint prays for damages in excess of $129,000.

## ANALYSIS

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Wyatt v. UNUM Life Ins. Co. of America*, 223 F.3d 543, 545 (7th Cir. 2000); *Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, 192 F.3d 616, 621-22 (7th Cir. 1999). The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999).

The non-moving party has the burden to prove that "it is entitled to judgment under established principles." *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1222 (7th Cir. 1987). It cannot simply rest on its pleadings. If it does not discharge that burden, then it is not entitled to judgment. *Id.*

Centerpoint has put forth undisputed evidence that the gas line was properly and accurately marked. The Illinois Underground Utility Facilities Damage Prevention Act provides as follows:

> Every person who, while engaging in excavation or demolition, has provided the notice to the owners or operators of the underground utility facilities or CATS facilities in and near the excavation or

> demolition area through the State-Wide One-Call Notice System as required by Section 4 of this Act, but otherwise, while acting reasonably, damages any underground utility facilities or CATS facilities, shall not be subject to a penalty, but shall be liable for the damage caused to the owners or operators of the facility provided the underground utility facility or CATS facility is properly marked as provided in Section 10 of this Act.

220 ILCS 50/11(c). Thus, the standard is strict liability, and the only question is causation. On that issue, the undisputed evidence points to Stein Steel as the only cause of the gas line rupture. Stein Steel was the only entity in the area of the rupture – the only entity operating a front loader in the immediate vicinity of the gas line – on August 13, 2003. Only Stein Steel conducts excavation on its premises. Moreover, the circumstances of the hole in the pipe and the undisputed fact that Stein Steel informed Granite City Steel that it had struck the line eliminates any reasonable inference that the line ruptured for any other reason.

There is no genuine issue of any material fact, and Centerpoint is entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, the motion for summary judgment (Doc. 25) is **GRANTED**, and the Court directs the Clerk to enter judgment in favor of Plaintiff, Centerpoint Energy-Mississippi River Transmission Corporation, following a determination of the amount of damages. A trial on damages will be set by separate notice.

**IT IS SO ORDERED.**

DATED: 08/24/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge